UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN SCOTT WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>TYSON PAGUE, et al.,<br><br>Defendants. | No.  1:26-cv-01793-SAB (PC)<br><br>ORDER REGARDING PLAINTIFF'S OBJECTIONS TO ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 17) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

On May 5, 2026, the Court denied Plaintiff's motion for appointment of counsel.  (ECF No. 16.)

On May 18, 2026, Plaintiff filed objections to the Court's May 5, 2026, order, which the Court construes as a motion for reconsideration pursuant to Federal Rule of Civil Procedure 60. (ECF No. 17.)

Federal Rule of Civil Procedure 60(b) authorizes a court to provide relief from a final judgment or order for, among other grounds, "mistake, inadvertence, surprise, or excusable neglect" or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1) & (6). "Reconsideration is appropriate if the district court (1) is presented with newly discovered

1

evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted).

Plaintiff seeks reconsideration of the order denying his motion for the appointment of counsel on the ground because he does not have access to copies and he is indigent.  Only in the most exceptional cases will the Court seek volunteer counsel. Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir.1997). Plaintiff's conclusory claim of lack of access to copies and indigent status does not constitute an exceptional circumstance.  See, e.g., Wood v. Housewright, 900 F.2d 1332, 1335-35 (9th Cir. 1990) (denying appointment of counsel where plaintiff alleged limited access to law library and lack of legal education).  Because Plaintiff has not shown clear error or other meritorious grounds for relief from the May 5, 2026 order, Plaintiff's objection, construed as a motion for reconsideration, is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **May 20, 2026**

STANLEY A. BOONE
United States Magistrate Judge

2