UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN SCOTT WILLIAMS,<br>Plaintiff,<br>v.<br>WELLPATH L.L.C., et al.<br>Defendants. | No. 1:26-cv-01793-SAB (PC)<br><br>ORDER OF REASSIGNMENT TO A DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING DEFENDANTS' MOTION TO SET ASIDE ENTRY OF DEFAULT<br><br>(ECF Nos. 31, 32)<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff is proceeding *pro se* and *in forma pauperis* in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is the motion to set aside the entry of default filed by Defendants Wellpath, L.L.C. and Debbie Massetti, F.N.P. on August 31, 2026. (ECF No. 31.) On September 19, 2026, Plaintiff filed an opposition to the motion. (ECF No. 32.)[1]

## I.

## BACKGROUND

As relevant here, this action is proceeding against Defendants Wellpath L.L.C. ("Wellpath") and "Debbie" for deliberate indifference to Plaintiff's serious medical needs.

On July 2, 2026, the summonses were returned executed as to Defendants Wellpath and

[1] Plaintiff stylized his opposition as a motion to deny the motion to set aside. (ECF No. 32.)

"Debbie." (ECF Nos. 21, 22.) These Defendants did not timely respond to the complaint, despite it appearing service was effectuated. Therefore, on August 7, 2026, the Clerk of the Court entered default as to these Defendants. (ECF No. 26.) On August 19, 2026, Plaintiff filed a motion for default judgment. (ECF No. 27.)

On August 31, 2026, Defendants Wellpath and Debbie Massetti, F.N.P. ("Massetti") filed a motion to set aside the entry of default. (ECF No. 31.) Plaintiff timely filed an opposition. (ECF No. 32.)

**II.**

**DISCUSSION**

Federal Rule of Civil Procedure Rule 55(c) provides that a "court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). "The 'good cause' standard that governs vacating an entry of default under Rule 55(c) is the same standard that governs vacating a default judgment under Rule 60(b)." Franchise Holding II, LLC. v. Huntington Rests. Grp., Inc., 375 F.3d 922, 925 (9th Cir. 2004). In analyzing "good cause," the Court considers three factors: "(1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default would prejudice the other party." United States v. Signed Pers. Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010) (alterations and internal quotation marks omitted), quoting Franchise Holding II, 375 F.3d at 925-26. This standard "is disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." Id. The moving party bears the burden of demonstrating that these factors favor setting aside the default. See Franchise Holding II, 375 F.3d at 926.

"[D]efault judgments are generally disfavored; whenever it is reasonably possible, cases should be decided on their merits." Schwab v. Bullock's Inc., 508 F.2d 353, 355 (9th Cir. 1974); see also Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984) ("[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits.").

Defendants argue that their failure to timely respond to the first amended complaint is not

the product of willful or culpable conduct, they have meritorious defenses to the allegations made against them in this action, and Plaintiff will not be prejudiced by an order setting aside the entry of default. (ECF No. 31.) The Court agrees.

**A. Defendants' Conduct**

A "defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." Alan Neuman Productions, Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1988). "Neglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process is not 'intentional[.]'" TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 697 (9th Cir. 2001), *overruled on other grounds by* Egelhoff v. Egelhoff ex rel. Breiner, 532 U.S. 141, 147-50 (2001).

Defendants begin by noting that there is no waiver signed or returned by Massetti in the record. Though the relevant summons returned executed identifies "RN Nurse Debbie" as the defendant to be served, yet the Marshal's return identifies Michelle Ontiveros, R.N.—not Massetti—as the person served. (ECF No. 21, p. 1.) Moreover, the return does not state that Ms. Ontiveros was Massetti's authorized agent for service of process, nor does it identify any other basis for service on Massetti. Thus, Defendants contend that service on Massetti under Rule 4(e), or waiver by her under Rule 4(d), has not been established. Defendants request that the Court set aside the default as to Massetti without prejudice to Plaintiff's ability to effect proper service if appropriate.

As to Wellpath, Wellpath proffers that it retained Peter G. Bertling to handle this litigation on May 13, 2026. (ECF No. 31-1, Declaration of Peter G. Bertling dated Aug. 31, 2026 ("Bertling Decl."), ¶¶ 2-6.) Counsel did not receive or become aware of the July 2, 2026, service-return entries or the responsive-pleading deadline later stated by the Court before that deadline passed. (Id.) Counsel therefore proffers that it did not identify, calendar, or meet the deadline. (Id.) Counsel states that he accepts responsibility for the missed deadline and that the error was inadvertent, not willful, tactical, or in bad faith. (Id.)

In sum, Wellpath and Massetti did not direct, cause, or participate in the missed deadline.

(Id. at ¶¶ 6-7, 13.) Based on Defendants' submission, made under penalty of perjury, the Court finds that they did not intentionally fail to file a response to the operative complaint.

**B. Meritorious Defense**

"[T]he burden on a party seeking to vacate a default judgment is not extraordinarily heavy." TCI Group Line Ins. Plan v. Knoebber, 244 F.3d 691, 700 (9th Cir. 2001). "All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense[.]" U.S. v. Signed Personal Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1094 (9th Cir. 2010), quoting TCI, 244 F.3d at 700; see also In re Stone, 588 F.2d 1316, 1319 n.2 (10th Cir. 1978) ("[T]he purpose of the requirement is to show the trial court that a sufficient defense is assertible[.]"). "[T]he question whether the factual allegation [i]s true is not to be determined by the court when it decides the motion to set aside the default. Rather, that question 'would be the subject of the later litigation.'" Mesle, 615 F.3d at 1094, quoting TCI, 244 F.3d at 700. Rule 8 of the Federal Rules of Civil Procedures allow that a "party that intends in good faith to deny all the allegations of a pleading—including the jurisdictional grounds—may do so by a general denial." Fed. R. Civ. P. 8(b)(3)

Here, although Defendants have not yet filed an answer to the operative complaint, they submit that they will dispute the factual allegations; moreover, Defendants have reviewed the available medical records and consulted with Massetti about the pertinent facts. (ECF No. 31-1, Bertling Decl., ¶ 9.) Defendants proffer that they are prepared to file an answer promptly. Massetti will deny that she knowingly disregarded a serious medical need or denied medically indicated treatment. (ECF No. 30, p. 5.) Wellpath will deny that it maintained, implemented, or ratified a policy, custom, or practice causing a constitutional deprivation. (Id.) Defendants further will dispute causation, damages, and Plaintiff's claimed entitlement to surgery or other injunctive relief. (Id.)

The Court finds that Defendants' defenses warrant adjudication on the merits.

**C. Prejudice to Plaintiff**

"To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case. Rather, 'the standard is whether [the plaintiff's] ability to pursue

his claim will be hindered.'" TCI, 244 F.3d at 701, quoting Falk 739 F.2d at 463. "[T]he delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." Thompson v. American Home Assur. Co., 95 F.3d 429, 433-34 (6th Cir. 1996).

Defendants argue that default was entered on August 7, 2026, and no default judgment has been entered. Thus, there is no identified loss of evidence, discovery impairment, or other tangible harm to Plaintiff's ability to litigate his claims. Defendants further note that requiring Plaintiff to litigate the case on its merits is not cognizable prejudice.

In his opposition, Plaintiff generally argues that ordering entry of default set aside will delay the proceedings and gives Defendants a tactical advantage, causing Plaintiff "further cognizable prejudice." (ECF No. 32, p. 3.) Moreover, Plaintiff believes that these Defendants are culpable. (Id.)

Though Plaintiff gives a thorough discussion as to why he believes Massetti was served despite her full name not being on the summons, the Court finds that Plaintiff has not demonstrated prejudice. This action is in the early stages of litigation, and Defendants filed a motion to set aside as soon as they discovered the entry of default. Plaintiff states that he will be prejudiced by having to reserve Defendants due to his indigency and the cost of making copies. However, this is not the type of concern analyzed on whether to set aside an entry of judgment. See TCI, 244 F.3d at 701. In other words, Plaintiff has not demonstrated that his ability to pursue his claim will be hindered. Id.

The Court finds that there is no basis to find that there would be any loss of evidence and the only harm in setting aside the judgment is a mere delay in the resolution of the case. The minimal delay in this action does not outweigh the public policy of resolving actions on the merits.

Accordingly, the Court finds that Defendants have shown that all the relevant factors weigh in favor of setting aside default, and the motion to set aside entry of default should be granted.

/ / /

## III.

## ORDER AND RECOMMENDATION

The Court HEREBY ORDERS that the Clerk of the Court terminate ECF No. 32 because it is an opposition to Defendants' motion to set aside and not a separate motion.

The Court FURTHER ORDERS that this matter be randomly reassigned to a district judge.

Based on the foregoing, it is HEREBY RECOMMENDED that Defendants' motion to set aside the entry of default (ECF No. 31) be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14)** days after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

**Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.**

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate [judge's] factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838–39 (9th Cir. 2014), citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **September 21, 2026**

STANLEY A. BOONE
United States Magistrate Judge