# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN SCOTT WILLIAMS,<br>Plaintiff,<br>v.<br>WELLPATH L.L.C., et al.,<br>Defendants. | Case No. 1:26-cv-01793-KES-SAB (PC)<br><br>ORDER CONSTRUING NOTICE AS MOTION FOR AMENDED COMPLAINT FORM AND FOR EXTENSION OF TIME TO FILE AMENDED COMPLAINT<br><br>(ECF No. 40)<br><br>**TWENTY-ONE-DAY DEADLINE** |

On November 16, 2026, Plaintiff, who is proceeding *pro se* and *in forma pauperis*, filed a notice of intent to file an amended complaint as a matter of course, pursuant to Federal Rule of Civil Procedure 15(a)(1)(B). Plaintiff indicates in his notice that he seeks the Court to send him a prisoner amended civil rights complaint form due to excessively long wait times for the form to arrive internally at the county jail. In light of the foregoing, the Court CONSTRUES Plaintiff's notice as a motion for the Court to send him a prisoner amended civil rights complaint form, as well as for an extension of time to file his amended complaint as a matter of course. With that, the Court GRANTS the motion.

The Court DIRECTS the Clerk of the Court to send Plaintiff a prisoner amended civil rights complaint form. Plaintiff shall have **twenty-one (21) days** to file his amended complaint as a matter of course from the receipt of this order. Following this amendment and a responsive pleading by Defendants, the Court will update the scheduling order in due course.

The Court NOTIFIES Plaintiff that this is the only time he may amend his complaint as a matter of course. Following this amendment, he "may amend [his] pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

The Court cautions Plaintiff that may not change the nature of this suit by adding new, unrelated claims or defendants in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Furthermore, the Court reminds Plaintiff that his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567, citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981); accord Forsyth, 114 F.3d at 1474.

IT IS SO ORDERED.

Dated: **November 18, 2026**

STANLEY A. BOONE
United States Magistrate Judge